IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:24-CV-359-M

| | | |
|---|---|---|
| JAMES BAKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| AMERICREDIT FINANCIAL SERVICES, | ) | |
| INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Plaintiff James Baker's motion to compel nonparty Town of Cary, North Carolina ("Cary") to respond to Plaintiff's Rule 45 subpoena. [DE-37]. Plaintiff filed a notice indicating Cary was served with the motion on March 7, 2025, [DE-38, -38-1], Cary did not respond to the motion, and the time to do so has expired. Accordingly, the matter is ripe for ruling. For the reasons that follow, the motion to compel is allowed.

Subpoenas issued to nonparties are governed by Fed. R. Civ. P. 45. *See* Fed. R. Civ. P. 34(c) ("As provided in Rule 45, a nonparty may be compelled to produce a document and tangible things or to permit an inspection."). "In response to such a subpoena, a non-party may either file a motion to quash or modify the subpoena pursuant to Fed. R. Civ. P. 45(d)(3)(A), move for a protective order pursuant to Fed. R. Civ. P. 26(c), or oppose a motion to compel production of the subpoenaed documents pursuant to Fed. R. Civ. P. 45(d)(2)(B)." *Schaaf v. Smithkline Beecham Corp.*, 233 F.R.D. 451, 453 (E.D.N.C. 2005) (citing *United States v. Star Scientific, Inc.*, 205 F. Supp. 2d 482, 484 (D. Md. 2002)); *Eshelman v. Puma Biotechnology, Inc.*, No. 7:16-CV-18-D, 2017 WL 5919625, at *4 (E.D.N.C. Nov. 30, 2017). When considering the propriety of enforcing

a subpoena, a trial court should consider "the relevance of the discovery sought, the requesting party's need, and the potential hardship to the party subject to the subpoena." *Schaaf*, 233 F.R.D. at 453 (quoting *Heat & Control, Inc. v. Hester Indus.*, 785 F.2d 1017, 1024 (Fed. Cir. 1986)). "A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena," and the court "must quash or modify a subpoena that subjects a person to undue burden." Fed. R. Civ. P. 45(d)(1), (d)(3)(iv).

"In the context of evaluating subpoenas issued to third parties, a court 'will give extra consideration to the objections of a non-party, non-fact witness in weighing burdensomeness versus relevance.'" *Schaaf*, 233 F.R.D. at 453 (quoting *Indem. Ins. Co. of N. Am. v. Am. Eurocopter LLC*, 227 F.R.D. 421, 426 (M.D.N.C. 2005)); *Eshelman*, 2017 WL 5919625 at *4. The determination of the reasonableness of a subpoena requires the court to balance the interests served by demanding compliance with the subpoena against the interests furthered by quashing it, weighing the benefits and burdens, considering whether the information is necessary and whether it is available from another source. *See* 9A Wright & Miller, Fed. Practice & Procedure § 2463.1 (3d ed.) (collecting cases); *Spring v. Bd. of Trs. of Cape Fear Cmty. Coll.*, No. 7:15-CV-84-BO, 2016 WL 4204153, at *1 (E.D.N.C. Aug. 8, 2016). The party seeking the court's protection from responding to discovery "must make a particularized showing of why discovery should be denied, and conclusory or generalized statements fail to satisfy this burden as a matter of law." *Mainstreet Collection, Inc. v. Kirkland's, Inc.*, 270 F.R.D. 238, 240 (E.D.N.C. 2010) (citation omitted); *see U.S. Equal Emp't Opportunity Comm'n v. Bojangles' Rests., Inc.*, No. 5:16-CV-654-BO, 2017 WL 2889493, at *3 (E.D.N.C. July 6, 2017) (citing *Papanicolas v. Project Execution & Control Consulting*, LLC, No. CIV.A. CBD-12-1579, 2015 WL 1242755, at *1 (D. Md. Mar. 17, 2015))

(noting that "[t]he burden of proving that a subpoena is oppressive is on the party moving to quash"); *Sherrill v. DIO Transp., Inc.*, 317 F.R.D. 609, 612 (D.S.C. 2016) ("[T]he burden of proof is with the party objecting to the discovery to establish that the challenged production should not be permitted.") (citation omitted).

Plaintiff's claims in this case arise from two allegedly unlawful repossession attempts. Officers from the Cary Police Department were present at one of the repossession attempts at issue, and Plaintiff requested the following from Cary through the subpoena at issue:

> All Cary, NC Police Department records including: reports, body cam footage, dispatch logs, notes, squad car video, and 911 tape and/or transcripts regarding an incident that occurred in the vicinity of 5200 Village Cross Way, Cary, NC 27518 and/or 2000 Crossroad Manor Ct., Cary, NC 25718, on or about January 16, 2024, or that involved James Baker, John Christopher Wilson, or CJ Recovery Services, Inc.

[DE-37] at 2. Cary initially objected to the subpoena and declined to provide any records "because the subpoena requires disclosure of matter protected by statutory authority," i.e., criminal investigative records protected by N.C. Gen. Stat. § 132-1.4(a); acknowledged that the records could be produced pursuant to a court order but asserted that a Rule 45 subpoena was not a qualifying order; stated that "[o]rders can be issued only in a valid Court proceeding"; and offered to negotiate a consent protective order but carved out "law enforcement recordings which State law requires you obtain pursuant to NCGS § 132-1.4A." [DE-37-3] at 17–18.[1] Counsel for Plaintiff and Cary were ultimately unable to reach agreement on a protective order and this motion followed.

There appears to be no dispute that the requested documents are relevant to the claims at issue in this case and cannot be obtained from a party or other source. While Cary initially objected

---

[1] The page numbers in the CM/ECF footer are referenced rather than the internal document's page number where, as here, they are inconsistent.

3

to production based on state statutory and confidentiality grounds, it has not responded to the motion to compel, despite having notice of the motion, by filing a motion to quash or modify the subpoena pursuant to Fed. R. Civ. P. 45(d)(3)(A), moving for a protective order pursuant to Fed. R. Civ. P. 26(c), or opposing the motion to compel pursuant to Fed. R. Civ. P. 45(d)(2)(B). *See Schaaf*, 233 F.R.D. at 453. Furthermore, there is a protective order in place in this matter to protect confidential information produced in discovery, [DE-36], and the referenced state law provides for production when ordered by a court. *See Riddle v. Wilson*, No. 1:24-CV-00115-GCM, 2025 WL 85727, at *4 (W.D.N.C. Jan. 13, 2025) (recognizing that "Plaintiff could have, but apparently did not, subpoena the [body cam, dash cam, and Jail surveillance video] footage [governed by N.C. Gen. Stat. § 132-1.4A] from third party Yancey County Sheriff's Office.") (citing Fed. R. Civ. P. 45); *Evans v. Capps*, No. 7:15-CV-252-BO, 2017 WL 4171970, at *7–8 (E.D.N.C. Sept. 20, 2017) (ordering production of subpoenaed documents subject to a protective order over objection that they were immune from disclosure as criminal investigation records pursuant to N.C. Gen. Stat. § 132-1.4).

Accordingly, the motion to compel is allowed. Plaintiff shall serve this order on Cary, and Cary shall produce the records requested in the subpoena, including body cam footage, within fourteen (14) days of being served with this order. Any documents or tangible things produced by Cary that are marked Confidential shall be subject to the court's protective order.

So ordered, the 2 day of April, 2025.

Robert B. Jones, Jr.
United States Magistrate Judge